IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BAIN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ASTRAZENECA, LP, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-4147 CW<br><br>ORDER DISMISSING CLAIMS OF CERTAIN PLAINTIFFS AND REQUIRING MILLER FIRM TO SHOW CAUSE WHY MONETARY SANCTIONS SHOULD NOT BE IMPOSED ON COUNSEL |
| LISA SAUNDERS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ASTRAZENECA, LP, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-4148 CW |
| KIMBERLY KESSLER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ASTRAZENECA, LP, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-4149 CW |
| CYNTHIA ARNOLD, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ASTRAZENECA, LP, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-4157 CW |

```
 1  ANGEL COLON, et al.,                          No. C 09-4158 CW
 2          Plaintiffs,
 3       v.
 4  ASTRAZENECA, LP, et al.,
 5          Defendants.
                                        /
 6
    MARK COFFEY, et al.,                          No. C 09-4161 CW
 7
            Plaintiffs,
 8
         v.
 9
    ASTRAZENECA, LP, et al.,
10
            Defendants.
11                                      /
12  SHARON DISTON, et al.,                        No. C 09-4165 CW
13          Plaintiffs,
14       v.
15  ASTRAZENECA, LP, et al.,
16          Defendants.
                                        /
17
    DAMON BROWN, et al.,                          No. C 10-0288 CW
18
            Plaintiffs,
19
         v.
20
    ASTRAZENECA, LP, et al.,
21
            Defendants.
22                                      /
23  DENNIS O'BRIEN, et al.,                       No. C 10-0289 CW
24          Plaintiffs,
25       v.
26  ASTRAZENECA, LP, et al.,
27          Defendants.
                                        /
28
```

United States District Court
For the Northern District of California

2

The Court DISMISSES the claims of the sixty-five non-responsive Plaintiffs listed in Exhibit C to this order. The Court also ORDERS Plaintiffs' counsel, the Miller Firm, LLC, to show cause, within three days of the date of this order, why monetary sanctions should not be imposed upon counsel for its ongoing and repeated failures to comply with the Court's orders.

BACKGROUND

On February 9, 2011, the parties filed a stipulated motion, stating that the parties had entered into a Master Settlement Agreement (MSA) to resolve the claims of all Plaintiffs in these actions and asking the Court to establish a qualified settlement fund. The Court granted the parties' motion on February 18, 2011.

On August 24, 2012, the Court noted that Plaintiffs' counsel had not informed the Court of the status of the parties' settlement on behalf of any Plaintiff since February 18, 2011, and ordered Plaintiffs' counsel to file a status report within two weeks of the date of that order, or by Friday, September 7, 2012. At that time, the Court also directed Plaintiffs' counsel to finalize settlements for any Plaintiffs who intended to participate in the Master Settlement Agreement (MSA) within four weeks of the date of that order. The Court further ordered that, when the claims of any individual Plaintiff were resolved, Plaintiffs' counsel must seek and file, within three days, a stipulation of dismissal as to that Plaintiff.

On September 11, 2012, four days after the deadline, Plaintiffs' counsel filed a status report.[1] Counsel stated, among other things, that five Plaintiffs have rejected the terms of the MSA.[2]

On September 17, 2012, the Court filed a further order, noting several deficiencies in the status report and further noting that, although Plaintiffs' counsel indicated that 263 Plaintiffs had fully resolved their claims by September 11, 2012, counsel had not filed stipulations of dismissal as to those Plaintiffs. The Court ordered counsel to file a further status report and to file stipulations of dismissal as to those Plaintiffs within three days.

On September 20, 2012, Plaintiffs' counsel filed the further status report, indicating that seventy-seven Plaintiffs had failed to respond to counsel's extensive efforts to contact them and had not indicated whether they will or will not participate in the MSA.

On September 21, 2102, one day after the deadline, the parties filed stipulations of dismissal as to 306 of the 418

---

[1] On the same date, attorney Julie B. Isen of the Miller Firm, LLC entered an appearance in each case on behalf of Plaintiffs, in place of attorney David C. Anderson of the same firm, who passed away the year before.

[2] These five Plaintiffs are Carol A. Scaramuzza (09-4148), Tami L. Moellenberndt (09-4149), Miguel Porto (09-4161), Eric J. Negray (10-289) and Lynus M. Stewart (10-289). The case management conference, currently set for November 7, 2012 at 2:00 p.m., is maintained. At that time, dates will be set to resolve the claims of these Plaintiffs and any other Plaintiffs who remain in these cases at that time.

4

Plaintiffs named in these cases.³  On that same date, the parties jointly moved for an extension of time until Monday, October 22, 2012 to finalize the claims of twenty-nine remaining Plaintiffs, listed in Exhibit A to this order, who intended to participate in the MSA and for an order to show cause why the claims brought by the seventy-seven non-responsive Plaintiffs should not be dismissed with prejudice.

On September 26, 2012, the Court granted the motion, extended the deadline to October 22, 2012 to finalize the claims of the twenty-nine Plaintiffs who intended to participate in the MSA, and ordered the seventy-seven non-responsive Plaintiffs to show cause, within twenty-one days of the date of the order, or by October 17, 2012, why their cases should not be dismissed with prejudice.  The Court also stated that these non-responsive Plaintiffs alternatively could have new counsel appear before this Court on their behalf, or could communicate with counsel regarding their agreement to or rejection of the MSA.  The Court further ordered Plaintiffs' counsel to file, within twenty-two days from the date of the order, or by October 18, 2012, a declaration stating whether the non-responsive Plaintiffs had since communicated with

---

³ Counsel indicated that one Plaintiff, Denita Jackson, was inadvertently included as a Plaintiff separately in two of the above-captioned cases, Nos. 09-4157 and 09-4165.  A stipulation of dismissal for Jackson's claims was filed in 09-4165.  Counsel stated that she was erroneously omitted from the stipulation of dismissal filed in 09-4157 and that the "parties have agreed to include a Stipulated Dismissal" of Jackson's claims in the 09-4157 action "within the next set of Stipulated Dismissals signed by the parties."  No stipulation of dismissal has been filed for Jackson's claims in the 09-4157 action as of the date of this order.  The Court ORDERS Plaintiffs' counsel to obtain and file a stipulation of dismissal of Jackson's claims in the 09-4157 case within three days.

5

counsel regarding their agreement to or rejection of the MSA. Finally, the Court required Plaintiffs' counsel to provide notice of the order to the non-responsive Plaintiffs based on the best available contact information, and to file a certification that such notice has been sent, with three days of the date of the order.

On September 28, 2012, Plaintiffs' counsel filed a certificate of mailing stating that counsel had served each of the seventy-seven non-responsive Plaintiffs with a copy of the Court's September 26, 2012 order by mailing a copy of the order to the last known address for each Plaintiff.[4]

On October 17 and 19, 2012, Plaintiffs' counsel filed a motion on behalf of twelve of the seventy-seven non-responsive Plaintiffs, stating that these twelve Plaintiffs had contacted counsel about the September 26, 2012 Order and had expressed a desire to participate in the MSA; the names of these twelve Plaintiffs are listed in Exhibit B to this order. Plaintiffs' counsel requested that the Court allow these twelve Plaintiffs until October 22, 2012 to finalize their claims.

On October 19, 2012, the Court granted the request, extended the deadline for the twelve Plaintiffs to finalize their participation in the MSA until October 22, 2012, and discharged the order to show cause as to them. The Court also noted that Plaintiffs' counsel had not filed a declaration stating whether

---

[4] Plaintiffs' counsel dated this certificate of service September 18, 2012 and refers in the text to having served Plaintiffs on "Friday, September 18, 2012." It appears that these were typographical errors and that counsel instead intended to state September 28, 2012 in both places.

the other sixty-five non-responsive Plaintiffs, who are listed in Exhibit C to this order, had communicated with counsel regarding their agreement to or rejection of the MSA after the Court had issued its order to show cause, although counsel was required to do so by the previous day.  The Court sua sponte extended the deadline for Plaintiffs' counsel to file the declaration until October 22, 2012.

On October 30, 2012, twelve days after the original deadline and eight days after the extended deadline, Plaintiffs' counsel filed a declaration attesting that the sixty-five Plaintiffs listed in Exhibit C had not contacted the firm personally or through new counsel since the Court issued the order to show cause.  Counsel provides no explanation for the failure to file this declaration by October 18 or 22.

## DISCUSSION

Plaintiffs' counsel attests that the firm provided notice of the Court's order to the seventy-seven non-responsive Plaintiffs and that the sixty-five Plaintiffs listed in Exhibit C have not contacted counsel.  The Court notes that these sixty-five Plaintiffs also have not contacted the Court separately or had new counsel appear before this Court on their behalf.  Accordingly, the Court DISMISSES the claims of the Plaintiffs listed in Exhibit C with prejudice.

The Court notes that all claims by the forty-one Plaintiffs listed in Exhibits A and B were required to be finalized by October 22, 2012, and that Plaintiffs' counsel was required to obtain and file a stipulation of dismissal as to any claim within three days of it being resolved.  Thus, for each of these

7

1 Plaintiffs, such stipulations should have been filed no later than
2 October 25, 2012.  However, counsel has not filed stipulations of
3 dismissal as to any of these Plaintiffs.  Counsel has not sought
4 further extensions of these deadlines, although the Court has
5 granted multiple extensions in the past when such extensions have
6 been requested.  Counsel also has missed deadlines repeatedly in
7 these cases in the past two months without providing explanations
8 or seeking extensions.

    Accordingly, the Court ORDERS the Miller Law Firm, LLC to show cause why monetary sanctions should not be imposed in the amount of $500 for each day in which Plaintiffs' counsel is out of compliance with the Court's orders.  Counsel shall file a response within three days of the date of this order.

    IT IS SO ORDERED.

Dated: October 30, 2012

CLAUDIA WILKEN
United States District Judge